IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Case No. 25-10002-JWB

ZANE TILCOCK,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion readdressing ineffective assistance of counsel.  (Doc. 66.)  The motion is DENIED for the reasons stated herein.

## I.    Facts

Defendant is charged with three counts of bank robbery and three counts of brandishing and using a firearm during and in relation to a crime of violence.  He was initially represented by Assistant Federal Public Defender David Freund.  Following a *Faretta* hearing on September 10, 2025,[1] the court granted Mr. Freund's motion to withdraw as counsel and permitted Defendant to proceed *pro se*.  At that time, and on the court's own motion, the deadlines were continued to October 6, 2025, in the interests of justice to give Defendant an opportunity to get up to speed in representing himself in this case and prepare for the status conference.  (Doc. 47.)  At the October 6 status conference, Defendant requested another continuance until November 4, 2025, which was granted.  (Doc. 50.)

On October 20, 2025, Defendant filed a motion to dismiss the indictment, arguing that discovery had been improperly withheld, that delays in the case violated his speedy trial rights,

---

[1] *Faretta v. California*, 422 U.S. 806, 832-834 (1975).

and raising allegations as to the ineffectiveness of his prior counsel, Mr. Freund. (Doc. 52.) The court held a hearing on that motion. As memorialized in the minute entry and explained more fully on the record, the evidence at the hearing demonstrated that the government had in fact provided the discovery Defendant asserted had been improperly withheld, and all other delays in the case were properly attributed to Defendant. (Doc. 57.) Accordingly, the court found no factual basis for the motion and denied it. At that same hearing, Defendant requested another continuance to December 4, 2025, to further familiarize himself with the case, which the court granted.

Defendant now files the instant motion readdressing ineffective assistance of counsel. (Doc. 66.) In this motion, Defendant reasserts claims substantially similar to those raised in his earlier motion to dismiss (Doc. 52), specifically alleging that Mr. Freund failed to obtain and familiarize himself with discovery and that the court "neglected to consider" certain allegations against Mr. Freund (Doc. 66). Defendant contends that Mr. Freund's representation was constitutionally deficient.

## II.    Standard

"The Sixth Amendment guarantees a defendant the effective assistance of counsel . . ." *Lee v. United States*, 582 U.S. 357, 363 (2017) (citation omitted). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

### III.    Analysis

The instant motion fails to establish either deficient performance or prejudice under *Strickland*.  First, contrary to Defendant's assertion that this court "neglected to consider" his allegations against Mr. Freund, the court held an extensive hearing on November 4, 2025, which raised the same discovery-related concerns now reasserted in the instant motion.  At that hearing, the court heard testimony from Defendant and reviewed evidence that demonstrated the government had provided the discovery materials Defendant claimed had been withheld.  (Doc. 57.)  The instant motion simply repackages those same allegations without presenting new facts or evidence.

Second, and more fundamentally, Defendant has failed to demonstrate prejudice as required by *Strickland*.  The court granted Mr. Freund's motion to withdraw after conducting a *Faretta* hearing.  The court has permitted Defendant to proceed *pro se*, thereby giving him direct control over his case and the ability to remedy any perceived deficiencies in his prior representation.  The court has afforded Defendant ample time and multiple continuances to file pretrial motions and to pursue any claims or defenses he believes Mr. Freund failed to raise.  To date, Defendant has not filed substantive pretrial motions taking advantage of this opportunity.

Finally, a defendant proceeding pro se cannot claim ineffective assistance of counsel against himself.  *See United States v. Fields*, Crim. No. 15-129, 2024 WL 1555932, at *29 (E.D. Pa. Apr. 10, 2024) ("[A] defendant proceeding *pro se* waives potential claims of ineffective assistance of counsel against himself . . .").  Here, by granting Defendant's request to proceed *pro se*, the court effectively remedied any prejudice Defendant might have suffered from allegedly

deficient representation.  Defendant has been given the time and opportunity to remedy any issues he contends Mr. Freund created, yet he has not done so.  Under these circumstances, Defendant has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  In sum, the instant motion raises the same factual allegations previously addressed and rejected by this court, fails to demonstrate deficient performance, and fails to establish prejudice and after steadfastly demanding to represent himself and reject his constitutional right to an attorney, Defendant cannot now claim that his self-representation was ineffective.

## IV.    Conclusion

THEREFORE, Defendant's motion readdressing ineffective assistance of counsel (Doc. 66) is DENIED.

IT IS SO ORDERED.  Dated this 7th day of January, 2026.

 s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE