IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 25-10002-JWB

ZANE TILCOCK,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant Zane Tilcock was scheduled for jury trial to begin on January 26, 2026. The court was informed approximately thirty minutes before the start of trial that Defendant requested to be represented by counsel. This matter is now before the court on Defendant's motion to continue the trial. (Doc. 77.) The motion is unopposed by the government. For the reasons stated herein, the motion is GRANTED, though not without the following admonitions.

**I.    Facts**

Defendant is charged with three counts of bank robbery and three counts of brandishing and using a firearm during and in relation to a crime of violence. (Doc. 16.) These are serious federal offenses carrying substantial potential sentences. Defendant was initially represented by Assistant Federal Public Defender David Freund. On September 10, 2025, following a *Faretta* hearing, the court granted Mr. Freund's motion to withdraw as counsel and permitted Defendant to proceed pro se. (Docs. 41, 42, 45, 47.) At that time, deadlines were continued to October 6, 2025, in the interests of justice to give Defendant an opportunity to familiarize himself with pro se representation. The court made clear to Defendant the risks and disadvantages of self-representation, and Defendant knowingly and voluntarily waived his right to counsel.

1

At the October 6, 2025, status conference (Doc. 50), Defendant requested a continuance until November 4, 2025, which was granted and Defendant waived his speedy trial rights. On November 4, 2025, Defendant requested another continuance to December 4, 2025, to further familiarize himself with the case, which the court granted. (Doc. 56.) Again, Defendant waived his speedy trial rights. At the December 4, 2025, status conference (Doc. 64), Defendant once again requested a continuance and again waived his speedy trial rights. The court continued the matter and set a final pretrial conference for January 22, 2026, and jury trial for January 27, 2026.

Before the final pretrial conference, on January 16, 2026, Defendant filed a motion to dismiss the indictment (Doc. 74), based in part on an argument that his right to a speedy trial had been violated. The court denied that motion at the January 22 status conference. (Doc. 76.) The court noted the irony of Defendant's position—repeatedly requesting continuances and waiving speedy trial rights while simultaneously claiming speedy trial violations.

Nevertheless, on the morning of January 26, 2026, approximately thirty minutes before Defendant's jury trial was scheduled to commence and much to the court's surprise, the court was informed that Defendant now wished to be represented by counsel. Standby counsel, Richard Paugh, was appointed by the court and informed that he would be trying the case. On the record, Mr. Paugh expressed his lack of preparedness due to Defendant seeking his representation less than three days prior to trial. The court made an oral record on all this the morning trial was set to commence, and granted Defendant's oral motion for continuance. However, in order to make a clear record on this issue, the court directed Defendant's counsel to supplement the record with a written motion for continuance, which he did. The court now addresses that written motion.

**II.     Analysis**

The court is faced with an uncomfortable situation. On the one hand, Defendant faces serious charges with the potential for decades of imprisonment. The government does not oppose a continuance, and newly appointed counsel was instructed, when he was appointed as standby counsel, on the need to be prepared to take over the representation on short notice should that become necessary. On the other hand, Defendant's conduct throughout these proceedings has been troubling and appears calculated to delay the resolution of this case.

The procedural history detailed above reveals a pattern of behavior that gives this court pause. Defendant insisted on proceeding pro se after a full *Faretta* hearing. He was given three separate status conferences over the course of several months, each time requesting additional continuances to prepare his case. At each of these conferences, Defendant affirmatively waived his speedy trial rights. Yet, Defendant filed a motion alleging that his speedy trial rights had been violated—rights that he himself had repeatedly waived. (Doc. 74.) Moreover, after the court permitted him to proceed pro se and gave him ample time to remedy any perceived deficiencies in his prior representation, Defendant filed a motion claiming ineffective assistance of counsel—against himself, in effect. (Doc. 66.) Then after months of pro se representation, Defendant suddenly requests counsel on the morning of trial. While the soundness of this decision by Defendant is not lost in court, this last-minute reversal has the practical effect of further delaying these proceedings.

While the Supreme Court recognizes a constitutional right to self-representation in criminal proceedings, *Faretta v. California*, 422 U.S. 806, 832 (1975), the right is "not absolute." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 161–62 (2000). "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Id*. For example, federal courts have long

recognized that defendants cannot manipulate proceedings by switching between pro se representation and appointed counsel as a means of delay. *See*, *e.g.*, *United States v. Mackovich*, 209 F.3d 1227 (10th Cir.2000) (holding that defendant's "requests for self-representation were merely a tactic for delay," where the defendant utilized appointed counsel for months before requesting leave to represent himself and then sought several continuances); *United States v. Reddeck*, 22 F.3d 1504, 1510 (10th Cir.1994) ("We have repeatedly shown concern with the use of the right to waive counsel as a 'cat and mouse' game with the courts."). As can be seen, federal courts have recognized that requests to change representation made in proximity to trial, when no genuine conflict exists, may reasonably be inferred to constitute delay tactics. In other words, "a defendant may not manipulate the proceedings by willy-nilly leaping back and forth between the choices [of self-representation and appointed counsel]." *Jones v. State*, 449 So.2d 253, 259 (Fla.), *cert. denied*, 469 U.S. 893 (1984).

Given this well-established precedent and Defendant's conduct in this case, the court could justifiably require Defendant to proceed to trial pro se as he has insisted upon doing for the past four and a half months. Nevertheless, the court is mindful of the gravity of the charges Defendant faces. Each of the three bank robbery counts along with each of the three charges of brandishing and using a firearm during and in relation to a crime of violence carries a cumulative potential exposure that is measured in decades of imprisonment. Accordingly, given these stakes, the lack of objection from the government, and the fact that counsel was indeed informed on very short notice that he would be trying this case, the court concludes that the better course—though not without reservation—is to grant the continuance. The interests of justice, in this particular instance, are best served by ensuring that Defendant receives a trial at which he is represented by

counsel who has had adequate time to prepare, even if Defendant's own actions have precipitated this situation.

Finally, the court finds that the period of delay resulting from the continuance granted pursuant to this order shall be excludable time in computing time under the Speedy Trial Act, because the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial. Specifically, the time from January 26, 2026, to March 2, 2026, shall be excluded.

### III.     Conclusion

THEREFORE, Defendant's motion to continue (Doc. 77) is GRANTED. The jury trial shall be continued until March 2, 2026, at 9:00 a.m., U.S. Courthouse, Wichita, Kansas, Courtroom 238, a status conference is scheduled for February 17, 2026, at 9:00 a.m., U.S. Courthouse, Wichita, Kansas, Room 232, and the entirety of the time from January 26, 2026, until the new trial date of March 2, 2026, shall be excluded under the Speedy Trial Act.

IT IS SO ORDERED.  Dated this 28th day of January, 2025.

                                                           \_\_\_s/ John W. Broomes_____
                                                           JOHN W. BROOMES
                                                           CHIEF UNITED STATES DISTRICT JUDGE