IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 25-10002-JWB-01

ZANE TILCOCK,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to suppress. (Doc. 82.) The motion has been fully briefed and is ripe for decision. (Doc. 85.) For the reasons stated herein, the motion is DENIED.

**I.    Facts & Procedural History**

Defendant is charged with three counts of bank robbery and three counts of brandishing and using a firearm during and in relation to a crime of violence. (Doc. 16.) On January 2, 2025, Defendant was arrested after law enforcement observed him in possession of a firearm and conducted a traffic stop of the vehicle he occupied. (Doc. 82 at 2.) Following his arrest, Defendant was transported to the Wichita Police Department, where he was advised of and waived his Miranda rights and then made statements to investigators regarding his involvement in three bank robberies. Based in part on those statements, a search warrant was obtained for the apartment Defendant shared with his girlfriend at 844 N. Waco, Apartment A203, Wichita, Kansas (the "Apartment"), and for the gray 2019 Volkswagen Jetta (the "Vehicle") associated with them. (*Id*.) Defendant moves to suppress both his confession and the evidence obtained from the subsequent

search, arguing that his statements were involuntary and that the search warrant lacked probable cause independent of those statements. (*Id*. at 2–3.)

Following a *Faretta* hearing on September 10, 2025, Defendant was granted pro se status and deadlines were continued through October 6, 2025, to allow him time to prepare his defense. (Doc. 47.) Over the ensuing couple of months, the court granted Defendant multiple continuances of the jury trial date to allow him ample time to prepare his defense. (Docs. 50, 56, 64.) The deadline to file motions, however, was not extended past October 6, 2025. Eventually, the court set a final pretrial conference for January 22, 2026, and jury trial for January 27, 2026. On the morning of January 27, approximately thirty minutes before Defendant's jury trial was scheduled to commence, the court was informed that Defendant wished to be represented by counsel. Standby counsel, Richard Paugh, was appointed by the court and informed that he would be trying the case. On the record, Mr. Paugh expressed his lack of preparedness due to Defendant seeking his representation less than three days prior to trial. The court made an oral record on all this the morning trial was set to commence and granted Defendant's oral motion for continuance. (Docs. 77, 79.) Following that continuance, trial was reset to March 2, 2026. Defendant filed the instant motion to suppress on February 16, 2026—four months after the October 6, 2025 pretrial motions deadline and fourteen days before trial.

**II.     Standard**

Federal Rule of Criminal Procedure 12(c) governs the deadlines for filing pretrial motions and the consequences of not making a timely motion. Rule 12(c)(3) provides that, if a party fails to file a motion that must be filed before trial by the deadline set by the court, the motion is considered untimely, but the court "may consider the defense, objection, or request if the party shows good cause." The Tenth Circuit has described this exception as "narrow." *United States v.*

*Hamilton*, 587 F.3d 1199, 1215–16 (10th Cir. 2009). Defendants fail to show good cause where they do not argue that the facts upon which their motion relied could not have been fully discovered by the date set for those motions. *See*, *e.g.*, *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993); *United States v. Gonzales*, 229 F. App'x. 721, 725 (10th Cir. 2007) (unpublished).

### III.    Analysis

Defendant has failed to show good cause under Rule 12 for his untimely filing. Defendant argues that his decision to appoint stand-by counsel to represent him on the morning of trial represents good cause. (Doc. 82 at 2.) The government responded by arguing that Defendant should have filed the motion before the deadline as he was aware of the information underlying the instant motion to suppress prior to the pretrial motion deadline, and filed multiple motions while representing himself pro se. (Doc. 85 at 5–6.)

Defendant's motion is untimely, and he has failed to make the required showing of good cause. The Tenth Circuit has made clear that the good cause exception is "narrow." *Hamilton*, 587 F.3d at 1215–16. Relevant here, a defendant cannot establish good cause where "the facts upon which [his] motion relied" could have been discovered before the deadline. *Hamilton*, 587 F.3d at 1215–16; *Bryant*, 5 F.3d at 476. Here, Defendant was present during his arrest, his interview, and the events underlying the search warrant. He possessed all the facts necessary to bring a suppression motion long before the October 6, 2025, deadline passed. Indeed, while proceeding pro se, Defendant demonstrated his capacity to file motions—filing three between October 2025 and January 2026. (Docs. 52, 68, 74.) Moreover, the late appointment of counsel does not constitute good cause. In *Bryant*, the Tenth Circuit held that a defendant's failure to timely move was not excused by the fact that trial counsel was not appointed until two days before trial, because the defendant made no showing that prior counsel was prevented from filing. 5 F.3d

3

at 476.  Likewise, in *Gonzales*, the Tenth Circuit affirmed denial of a suppression motion filed nine days after the deadline, where the defendant did not allege the relevant facts could not have been discovered before the deadline.  229 F. App'x. at 726.  This case is indistinguishable.  Defendant filed his motion fourteen days before trial and months after the applicable deadline, relying on facts entirely within his personal knowledge from the date of his arrest.  His sole justification—that standby counsel was not formally retained until three days before the original trial date—does not establish good cause.

Moreover, merely because Defendant was proceeding pro se during the period when pretrial motions were due does not relieve him of his obligation to comply with the Federal Rules of Criminal Procedure.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding that pro se parties must follow the same rules of procedure that govern other litigants).  It is within this court's discretion to deny a motion to suppress as untimely where, as here, the defendant has failed to demonstrate good cause for the delay.  The motion is accordingly denied.

Alternatively, had Defendant established good cause, the instant motion would still be denied.  Even assuming as true all facts alleged by Defendant in his motion, they would not entitle him to the relief he seeks because his confession would not be rendered involuntary.

A confession is involuntary and offends due process when the defendant's "will has been overborne and his capacity for self-determination critically impaired." *United States v. Pettigrew*, 468 F.3d 626, 637 (10th Cir. 2006) (citing *United States v. Lopez*, 437 F.3d 1059, 1063 (2006)).  The Supreme Court has determined that when a defendant challenges a confession as involuntary, the burden rests on the government to prove "by a preponderance of the evidence that the confession was voluntary." *Lego v. Twomey*, 404 U.S. 477, 489 (1972).  Under Tenth Circuit

4

precedent, "[t]he determination of voluntariness is based on the totality of circumstances." *United States v. Toles*, 297 F.3d 959, 965 (10th Cir. 2002).

Looking solely at Defendant's allegations, he states that he was arrested when a firearm was found in the vehicle in which he was a passenger. Defendant explains that he proceeded to ask the arresting officers whether he was free to go, to which the officers responded he was not because he was being held on a firearm charge. (Doc. 82 at 2–3.) Defendant then stated he had information on another person who committed a bank robbery. Defendant was then Mirandized and made incriminating statements. (*Id*.) Taking as true the allegations in Defendant's motion, he appears to have volunteered information about another person who committed a bank robbery, was Mirandized, and then made incriminating statements. Nothing about these allegations indicate the confession was made involuntarily. *See Miranda v. Arizona*, 384 U.S. 436, 478 (1966) ("Volunteered statements of any kind are not barred by the Fifth Amendment" and "[a]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.")

The court notes that while assuming all facts alleged by Defendant as true would still not entitle him to relief, the circumstances surrounding Defendant's confession, as described in the government's response and supported by a transcript of the interview of Defendant, overwhelmingly confirm its voluntariness. (Docs. 85 at 9–11; 85-1 at 2–4.) According to the government's account, Defendant was placed in an interview room at approximately 2:30 p.m., provided water, and offered food and bathroom breaks throughout. Before investigators began questioning Defendant, he initiated the conversation, requesting the agents be "straight shooters" and expressing a willingness to cooperate. (Doc. 85-1 at 2.) FBI special agent Ensley then administered *Miranda* warnings using a written form, which Defendant read aloud and signed.

The interview lasted approximately 63 minutes, conducted without threats or physical coercion. In reading the interview transcript, Defendant never requested an attorney, never unequivocally invoked his right to remain silent, and never asked to end the interview. There was nothing in these circumstances that shows a "clear and unambiguous" invocation of the right to remain silent. *United States v. McCarthy*, 382 F. App'x 789, 792 (10th Cir. 2010). Nor is there any indication that Defendant's "will [was] overborne and his capacity for self-determination critically impaired." *Pettigrew*, 468 F.3d at 637 (citing *Lopez*, 437 F.3d at 1063).

Finally, Defendant argues that the evidence from the search of the Apartment and Vehicle must be suppressed because probable cause for the warrant came solely from his confession. (Doc. 82 at 3.) Having determined the confession is admissible, the court accordingly finds the evidence from the search of the Apartment and Vehicle is also admissible. But even assuming the confession was inadmissible, the search warrant affidavit contained more than sufficient evidence to support a finding of probable cause independent of Defendant's confession. (Doc. 85-2.) Among other things, the affidavit detailed: (1) investigators' identification of Defendant in connection with all three bank robberies through surveillance footage and physical descriptions consistent across the robberies; (2) the Vehicle being placed near the scene of the Emprise Bank robbery on December 16, 2024, through Flock license plate reader data; (3) a Kansas Highway Patrol stop of Defendant in the Vehicle on the day of the Emprise robbery; (4) cell phone tower timing advance records placing Defendant's phone within approximately one mile of the Emprise Bank at the time of the robbery; and (5) investigators confirming that three of the bait bills from the Sunflower Bank robbery were used by Defendant to pay cash for a vehicle registration at a tag office on January 2, 2025, the very day of his arrest. (*See id*.) Taken together, this investigative evidence amply established probable cause to search the Apartment and Vehicle regardless of any statements

Defendant made. *See United States v. Snow*, 919 F.2d 1458, 1460 (10th Cir. 1990) (holding warrant valid where the affidavit independently "contained sufficient evidence to establish probable cause").

In sum, Defendant's motion is untimely and without good cause. Alternatively, even assuming as true all facts alleged in his motion, Defendant would not be entitled to relief because they do not suggest that his confession was involuntary. When the facts as alleged would not entitle a defendant to relief, no hearing is required. *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) ("To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural.") (internal quotation marks omitted).

### IV.   Conclusion

THEREFORE, Defendant's motion to suppress (Doc. 82) is DENIED.

IT IS SO ORDERED. Dated this 24th day of February, 2026.

        _s/ John W. Broomes_
        JOHN W. BROOMES
        CHIEF UNITED STATES DISTRICT JUDGE